IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SUN STATE OIL, INC.                                                                    PLAINTIFF

VS.                                                        CAUSE NO. 3:18-cv-635-CWR-FKB

L & C EXPRESS, LLC; VK QUICK
MART, INC.; CHANDER KHURANA;
FARVINDER KUMAR GOSAIN; BRUMFIELD
OIL COMPANY, INC.                                                                  DEFENDANTS

*AND*

L & C EXPRESS, LLC; VK QUICK                               COUNTERCLAIMANTS
MART, INC.; CHANDER KHURANA; and
FARVINDER KUMAR GOSAIN;

VS.

SUN STATE OIL, INC.                                               COUNTER-DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the undersigned on the Motion to Enforce the Settlement Agreement
and for Sanctions [73] filed by Plaintiff Sun State Oil, Inc. ("Sun State"), the motion having been
referred to the undersigned by District Judge Carlton W. Reeves. Defendants L & C Express, LLC,
VK Quick Mart, Inc., Chander Khurana, and Farvinder Kumar Gosain (collectively, the "Service
Station Defendants") filed a response [79] to the motion. Sun State then filed a rebuttal [80] and
later filed a Supplemental Submission [81] in support of its motion, to which the Service Station
Defendants filed no reply.  Having fully considered the submissions of the parties and the
settlement enforcement terms of the Order of Dismissal [72], the Court finds that Plaintiff's motion
[73] should be granted in part and denied in part.

Sun State and the Service Station Defendants entered into a settlement agreement [78] on
January 9, 2020.  Under the terms of the agreement, Defendants were to pay Sun State the agreed-

upon settlement amount within 60 days of entering the agreement. The deadline for payment was, therefore, March 9, 2020.

The Court's Order of Dismissal states:

> **IT IS, THEREFORE, ORDERED** that this case is hereby dismissed with prejudice as to all parties. If any party fails to execute or comply with the settlement agreement, an aggrieved party or parties may reopen the case to enforce the settlement agreement. If successful, all additional attorney's fees and costs from this date shall be awarded such aggrieved party or parties against the party failing to execute or comply with the settlement agreement.
> The Court specifically retains jurisdiction to enforce the settlement agreement.

Order [72].

A few days prior to the March 9 deadline, the Service Station Defendants requested a 30-day extension. In response, Sun State proposed modified settlement terms for the Service Station Defendants' consideration. But the Service Station Defendants never replied to the proposal and did not remit any payment by March 9. Sun State then filed the instant motion, and the Service Station Defendants filed a response with the following admissions: "Defendants admit the allegations of the motion with respects to the settlement agreement, and specifically that defendants had 60 days to satisfy their obligations pursuant to said agreement." [79] at 1-2. The Service Station Defendants further stated that they had requested an additional 30 days to pay the settlement amount, but their request was denied. *Id.* at 2. As of issuance of this Report and Recommendation, Defendants have filed nothing showing that they have ever paid anything toward the amount owed under the settlement agreement.

Sun State's counsel has provided, by affidavit, an itemization of services rendered and attorneys' fees incurred by Sun State in attempting to collect under the settlement agreement. *See* [81-1] at 3-4. The attorneys' fees total $1,850.00. *Id.* at 4. The Service Station Defendants have

filed nothing contesting these fees, and the undersigned finds the rendered services necessary and the attorneys' fees reasonable.

Citing a provision from a "Dealer Sales and Supply Agreement," the alleged breach of which was at issue in the underlying case, Plaintiff asks this Court to award interest "of 18% per annum from the date of breach." [81] at 1-2, [81-1] at 5; *see* [43-1] at p. 9. But the breach before the Court in Plaintiff's motion [73] is not an alleged breach of the "Dealer Sales and Supply Agreement," it is the Service Station Defendants' breach of the settlement agreement. Plaintiff's request for an award of 18% interest is, therefore, denied. The undersigned recommends that the Court award interest at the customary judgment rate of 8% per annum.

For the reasons stated above, the undersigned recommends that Plaintiff's motion [73] be granted in part and denied in part. Specifically, the undersigned recommends that judgment be entered against the Service Station Defendants, jointly and severally, for the agreed-upon settlement amount of seventy-five thousand dollars ($75,000.00), plus attorneys' fees in the amount of one thousand eight hundred fifty dollars ($1,850.00) and interest at the rate of eight percent (8%) per annum.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 1st day of May, 2020.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE